UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LA'SEAN GOODE,

                              Plaintiff,

        -against-

WESTCHESTER COUNTY, CORRECT CARE
SOLUTIONS d/b/a C.C.S., DR. JOON PARKE, and
DR. RAUL ULLOA,

                              Defendants.

No. 18-cv-2963 (NSR)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

        Plaintiff La'Sean Goode, proceeding *pro se* and *in forma pauperis*, brings this action against Defendants Westchester County, Correct Care Solutions ("CCS"), Dr. Joon Parke, and Dr. Raul Ulloa pursuant to 42 U.S.C. § 1983, alleging a violation of his constitutional rights. (Compl., ECF No. 1.) Before the Court are two motions to dismiss, one filed by Defendant Westchester County and one filed by Defendants CCS, Parke, and Ulloa. For the reasons stated below, both motions are GRANTED.

## FACTUAL BACKGROUND

        Unless otherwise noted, the facts are drawn from Plaintiff's Complaint and are accepted as true for the purposes of Defendants' motions. Plaintiff appears to object to his pretrial detention at Westchester County Jail, both the conditions of confinement and alleged interference with his ability to prepare for his criminal trial during that time. (Compl. p. 4.)

Plaintiff alleges that he was locked in his cell for eighteen hours per day in an "extremely harsh, oppressed and deprived environment." (*Id.*) Additionally, Plaintiff "was forced to buy from Aramark commissary at outrageous prices" because the food served in the facility lacked nutritional value. (*Id.* p. 4(A).) Plaintiff also states that he sometimes would not receive his mail or packages. (*Id.*)

While at Westchester County Jail, Plaintiff's health went downhill. (*Id.*) Defendant CCS[1] denied him proper medical treatment for sickle cell. (*Id.*) Although Plaintiff has had sickle cell since birth, he was told by Defendant Parke that he was not afflicted with the disease. (*Id.*)

Plaintiff's rights to access the courts and a fair trial were also interfered with while Plaintiff was at Westchester County Jail. For instance, Plaintiff was not called for trial even though a trial had been scheduled, and he was not provided with enough time to complete discovery. (*Id.* p. 4.) Further, calls between attorneys and clients were monitored at this facility, "making fair trial impossible." (*Id.*)

In reaction to these issues, Plaintiff filed grievances. (*Id.*) However, these grievances were either unanswered or elicited lies from "superiors" to justify the actions from which Plaintiff sought relief. (*Id.* p. 4(B).) Plaintiff alleges that the grievance program at Westchester County Jail "is an ongoing conspiracy to deny inmates their constitutional and human rights," and he cites to a November 2009 report from the United States Department of Justice finding the program to be inadequate. (*Id.* p. 4(A).)

## STANDARD ON A MOTION TO DISMISS

Under Rule 12(b)(6), the inquiry is whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*,

---

[1] Plaintiff refers to Defendant CCS as "Westchester County's medical services provider." (Compl. p. 4(a).) Interpreting the Complaint in Plaintiff's favor, the Court understands this to refer to Defendant CCS.

556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *accord Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. To survive a motion to dismiss, a complaint must supply "factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555). The Court must take all material factual allegations as true and draw reasonable inferences in the non-moving party's favor, but the Court is " 'not bound to accept as true a legal conclusion couched as a factual allegation,' " or to credit "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

In determining whether a complaint states a plausible claim for relief, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 662. A claim is facially plausible when the factual content pleaded allows a court "to draw a reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.

"Where, as here, a plaintiff proceeds *pro se*, the court must 'construe [ ] [his] [complaint] liberally and interpret[ ] [it] to raise the strongest arguments that [it] suggest[s].' " *Askew v. Lindsey*, No. 15-CV-7496 (KMK), 2016 WL 4992641, at *2 (S.D.N.Y. Sept. 16, 2016) (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013)). Yet, "the liberal treatment afforded to *pro se* litigants does not exempt a *pro se* party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Bell v. Jendell*, 980 F. Supp. 2d 555, 559 (S.D.N.Y. 2013)) (internal quotation marks omitted).

## DISCUSSION

Interpreting the Complaint liberally, as required, the Court finds that Plaintiff alleges that

Defendants' actions interfered with his right to counsel in violation of the Sixth Amendment, deprived him of access to the courts and a fair trial in violation of the First and Fourteenth Amendments, deprived him of adequate medical care in violation of the Eighth Amendment, and subjected him to unconstitutional conditions of confinement in violation of the Fourteenth Amendment. Plaintiff also asserts state law claims for conspiracy, negligence, and medical malpractice.

However, Plaintiff's Complaint is largely conclusory. He frequently neglects to include specific facts to support his allegations, failing even to provide a timeframe during which the alleged constitutional and state law violations occurred. Moreover, he never alleges that a named Defendant violated the law. As discussed below, a § 1983 action only survives a motion to dismiss if the facts in the complaint show that the named defendants were involved in the violations of the plaintiff's constitutional rights. A plaintiff must include all the involved defendants in his complaint and state sufficient facts to plausibly show that those defendants violated the law.

While Plaintiff's opposition introduces some novel facts, the Court can only consider facts raised in the pleading and not those introduced in the opposition papers. *See Wright v. Ernst & Young LLP*, 152 F.3d 169, 178 (2d Cir. 1998) (noting that parties may not amend their pleadings through their opposition briefs); *Dolan v. Soft Drink & Brewery Workers Union*, No. 17-CV-5528(NSR), 2018 WL 1940428, at *4 (S.D.N.Y. Apr. 23, 2018) (citing cases).

Due to the conclusory nature of Plaintiff's Complaint and his failure to allege a *Monell* claim or personal involvement of any named Defendant,[2] Plaintiff's Complaint must be dismissed.

---

[2] The Court has already dismissed Plaintiff's claims against the John and Jane Doe Defendants without prejudice. (ECF No. 7.)

## I.    *Monell* liability

A municipality, like Defendant Westchester County, may be sued under § 1983 only "when execution of [the] government's policy or custom . . . inflicts the injury." *Monell v. Dep't of Soc. Serv. of the City of N.Y.*, 436 U.S. 658, 694 (1978). Such a claim is commonly referred to as a *Monell* claim. A plaintiff asserting a *Monell* claim against a municipal entity must "show that the challenged acts were performed pursuant to a municipal policy or custom." *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004). Courts in this Circuit apply a two-prong test for § 1983 claims brought against a municipal entity. *Vippolis v. Village of Haverstraw*, 768 F.2d 40, 44 (2d Cir. 1985). First, the plaintiff must "prove the existence of a municipal policy or custom in order to show that the municipality took some action that caused [the plaintiff's] injuries beyond merely employing the misbehaving officer." *Id.* (internal citation omitted). Second, the plaintiff must establish a " 'direct causal link between a municipal policy or custom and the alleged constitutional deprivation.' " *Hayes v. County of Sullivan*, 853 F. Supp. 2d 400, 439 (S.D.N.Y. 2012) (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).

A complaint must include more than broad or vague allegations to support a *Monell* claim. "[T]he simple recitation that there was a failure to train municipal employees does not suffice to allege that a municipal custom or policy caused the plaintiff's injury." *Dwares v. City of New York*, 985 F.2d 94, 100 (2d Cir. 1993); *see also Davis v. City of New York*, No. 07-CV-1395(RPP), 2008 WL 2511734, at *6 (S.D.N.Y. June 19, 2008) (holding that "conclusory allegations that a municipality failed to train and supervise its employees" are insufficient to state a *Monell* claim absent supporting factual allegations). Similarly, it is not enough to allege simply that a municipal policy or custom exists. *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).

Additionally, a municipality may not be held liable under § 1983 on a *respondeat superior* theory solely because the municipality employs an individual who violated the law. *Monell,* 436 U.S. at 692. For an unofficial policy or custom to invite *Monell* liability, the practice, custom or usage must be so widespread and so persistent that it has the force of law. *See Lauro v. City of New York*, 39 F. Supp. 2d 351, 366 (S.D.N.Y. 1999), *rev'd on other grounds*, 219 F.3d 202 (2d Cir. 2000).

The Complaint does not include a facially plausible *Monell* claim against Defendants Westchester County or CCS.[3] Plaintiff alleges that there was a "failure to properly hire, train, [or] supervise," but he does not connect this allegation to any Defendant. (Compl. p. 2.) Assuming that Plaintiff was referring to Defendant Westchester County or CCS, he does not include any facts to support his claim and, as discussed, the mere statement that there was a failure to train is not enough to support a *Monell* claim. *Dwares*, 985 F.2d at 100. Although Plaintiff states that he was denied proper medical treatment, he does not allege, and no other facts in the Complaint suggest, that he was denied such care pursuant to a policy or custom perpetuated by Defendants Westchester County or CCS. Likewise, there is no indication that his other allegations, including those related to conditions of confinement and issues with his mail, are due to any policy of those Defendants. While Plaintiff claims that Westchester County Jail employees regularly conspired to lie in order to avoid the investigation of grievances, he does not allege facts sufficient to plausibly show that this conspiracy was pursuant to an unofficial Defendant Westchester County policy. There is no suggestion that Defendant Westchester

---

[3] Defendant CCS is properly considered to be a municipality for the purposes of *Monell* liability. *Walls v. Skinner*, No. 17-CV-2409(VB), 2018 WL 2561027, at *4 (S.D.N.Y. June 4, 2018) (citing *Rojas v. Alexander's Dep't Store*, 924 F.2d 406, 408 (2d Cir. 1990)).

County knew about or should have known about or was in any way connected to the abuse of the grievance system.

Accordingly, because Plaintiff does not allege a *Monell* claim against either Defendant CCS or Defendant Westchester County, Plaintiff's claims against those Defendants must be dismissed.

## II.    Personal involvement

Section 1983 imposes liability for "conduct which 'subjects, or causes to be subjected' the complainant to a deprivation of a right secured by the Constitution and laws." *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976). Accordingly, "personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983." *McKinnon v. Patterson*, 568 F.2d 930, 934 (2d Cir. 1977).

Plaintiff fails to allege the personal involvement of either remaining Defendant. Defendant Ulloa is not mentioned in the Complaint, beyond being identified. Therefore, Defendant Ulloa is dismissed from this action. *See Johnson v. Sposato*, No. 15-CV-3654(JS)(ARL), 2015 WL 6550566, at *3 (E.D.N.Y. Sept. 22, 2015) (dismissing a plaintiff's claims against the defendants because the complaint did "not include any factual allegations sufficient to demonstrate personal involvement" by those defendants); *Mann v. Daniels*, No. 10-CV-7540(PKC)(THK), 2011 WL 2421285, at *2 (S.D.N.Y. June 9, 2011) (holding that the plaintiff did not plausibly allege that the defendants were personally involved because the complaint did not include facts about any "specific wrongdoing sufficient to constitute personal involvement").

Although, unlike for Dr. Ulloa, the Complaint includes an allegation that Defendant Parke took an action, the allegation is insufficient to show that Defendant Parke was personally

involved in a violation the Constitution, or of state law. Plaintiff alleges that Defendant Parke told him that he did not have sickle cell. (Compl. p. 4(A).) A simple diagnosis, or statement that one does not have a disease, does not amount to a denial of adequate medical care let alone medical malpractice. The Complaint contains no other allegations relating to Defendant Parke or suggesting that Defendant Parke was involved in alleged violations of the Constitution.

## CONCLUSION

For the foregoing reasons, Defendants' motions to dismiss the Complaint are GRANTED and Plaintiff's Complaint is dismissed without prejudice to renew. Plaintiff shall have until June 24, 2019 to amend his Complaint in accordance with this Opinion. If Plaintiff elects to file an Amended Complaint, Defendants shall have until twenty-one days from the date of Plaintiff's filing to move or file responsive pleadings. Plaintiff is advised that any amended pleading will be separate from the initial Complaint and should include all facts and claims Plaintiff intends to assert. If Plaintiff does not amend his pleading by the aforementioned date, the entirety of this action, including Plaintiff's state law claims, will be dismissed.

The Clerk of the Court is respectfully directed to terminate the motions at ECF Nos. 26 and 37 and to close the case. Further, the Clerk of the Court is respectfully directed to mail a copy of this Opinion to Plaintiff at his address on the docket and to show proof of service on the docket.


Dated:   May 24, 2019                                  SO ORDERED:
         White Plains, New York

                                                       _____
                                                       NELSON S. ROMÁN
                                                       United States District Judge

8